But the first case is United States v. Jones, No. 13-1773, Mr. Mead and Ms. Haywood. Good morning, Your Honors. May it please the Court, my name is John Mead and I represent the appellant in this case, Mr. Jones, and I'd like to reserve three minutes for rebuttal. That's absolutely fine. Basically, my argument here is the government did not prove by a preponderance of the evidence that the defendant here was convicted of a crime of violence and therefore his sentencing as a career criminal. Maybe we can start, and that's a good theme to have for here. Is what was done here by former Judge McLaughlin a finding of fact or was it, or do we look at this in effect as what is necessary by way of law to show what's necessary? One of the reasons it matters is you've set forth at the outset of your brief that this is subject to plenary review. And it sounds to me like what you're arguing is pure fact-finding by the judge and an argument that there was an inadequate basis to conclude the fact that he concluded. And I should note what I said is really the issue that Judge Smith has, the way he has phrased it, is it one or the other? And just as one other thing to add to that, when I look at page 812 of the transcript, Judge McLaughlin said, I find for the reasons previously stated that the simple assault conviction of 1997 was a crime of violence within the meaning of the guidelines. Did he make a finding of fact here that is reviewed for clear error? I would say he erred on both sides, Judge. I want to say that it was also, it was an error of fact, but I'd also say it's an error of law based on what he used to come to this conclusion. What difference did it make here, though, for the district court and the government, and it's brief to us, to be arguing whether or not A1, A2, or A3 are considered crimes of violence? That's a legal determination, and there's no dispute between the parties, as I understand it, that as a legal matter, an A3 offense is a crime of violence for purposes of calculating the enhancement here. But I understood the real question to be the factual question, the historical question, did Mr. Jones plead before the court of common pleas to an A3 conviction? To put it another way, did Mr. Jones plead to that which was charged in the information? Understood, Judge. That's a historical fact. Either he did or he didn't, and if that's what you were teeing up, as I understood you to be teeing it up, at page A4 of the appendix, the sentencing transcript, at the same time, because there is no colloquy for the court to rely on, it's unknown exactly what he pled to. That's a factual question, right? I agree with that, Judge. I believe that that is a factual question. And if there isn't sufficient evidence in the record to demonstrate that, in fact, he pled to A3, that's game, set, and match for you, isn't it? I would agree, Judge. I believe in this particular situation, based on what he was allowed to review, what he reviewed would fall short of what's required to find. Mr. Mead, you've been around the courts for a good while, and you and Ms. Haywood know I have, too. And before coming to the federal bench, I was a state court judge and a Pennsylvania DA. When you see pleas to state offenses that are recited in a pre-sentence report, do you customarily only see the charging documents set out? In a pre-sentence report? In a pre-sentence report that sets forth what the prior record was, specific offenses. In the federal system or the state system, Judge? I'm sorry, I didn't understand. We have a PSR here. Correct. In the federal system. Yes. What's in it are accepted as facts unless there are objections to it, right? What we know as a fact, because you don't disagree, is that there was a plea. And, in fact, we know as a fact there was a plea of no low contender. What we don't know, as I understand your position and from my own review of this short record, what we don't know as a matter of fact is what the defendant pleaded to as an offense, pled to and was sentenced on by the Court of Common Pleas, unless we conclude that the mere charging document alone was sufficient to draw inferences, reasonable inferences to support the conclusion that the plea was to A3. Isn't that what this case is all about? I agree, Your Honor. That's what it's about. I think you boiled it down to its essence. Can you point me to anything in the record? And I'll ask Ms. Haywood the same thing. Anything in this record other than the information signed by the district attorney? I did not see the court relying on anything else, Judge. Is there anything else in the record? I don't see it. And I'll defer to Ms. Haywood on this.  I just saw them this morning or yesterday. But I will point out, Judge, the only thing that was there was a plea agreement, and the plea agreement itself says he will plead to simple assault, period. It doesn't say 27013 or 27012 or 2701.  In the state system, we don't customarily see the formality of plea agreements reached as we see in the selective prosecution system that is the federal system. Absolutely, Judge. In fact, it can get pretty freewheeling in the state system on a trial term day as to how we dispose of cases and agreements are reached at the last minute. People walk into the courtroom, cut deals. The judge approves it. There may be nothing at all in writing. I completely agree, Judge. I started out in the federal system. I was in front of Your Honor, I believe, when you were in Johnstown. Then I went into the state system, and I was shocked how there is the wheeling and dealing. And it goes from at one point you may be pleading the one thing. They walk in a day of the plea. You may be pleading to something that was never set forth in the criminal information. Completely different. Disorderly conduct, in fact, can cover a multitude of sins under the Crimes Code and never have been charged in the information in the first place. Absolutely, Judge. It just switches so quickly, unlike the federal system. So in our particular situation, that would be argument. Here the information was from ten months before the plea, and there's a lot that can happen in ten months. I think even Justice O'Connor in her dissent in the Shepard case indicated there may be scenarios in which, as a result of charged bargaining, a defendant's guilty plea is premised on substantially different facts than those that were the basis of the original police investigation. And here, because we don't have the evidence to what he pled to, not what he was charged with. I can't dispute what he was charged with originally, but we don't know what happened ten months later and what he actually pled to. And that is basically my argument. The weakness that you have is that when you have the description in the information as to what happened, this person went to a bar with a 9mm handgun and with the purpose of, well, he carried the firearm, and he had no license, and he put someone in fear of his life, a person in the bar. I'm not sure. Could that be A1 or A2? Judge, on those facts, the way it's set out, I'm not sure the court is entitled to rely on those facts. That's set forth. I think that would be a mistake to look at the factual basis here on the underlying charge. Isn't that where the district court was led astray? In fact, the district court raised Big A during the sentencing proceeding. But that's all beside the point. Whether or not A1 and or A2, as a matter of law, can constitute a crime of violence isn't the point. The point is whether he pleaded guilty to something as a factual matter that was a crime of violence. Correct. And as this court has found, and we admit 2701A3 is a crime of violence. There's sufficient facts to show it. Your client loses. Correct. And I don't disagree with that, Judge. I wouldn't be here arguing the same argument. But I believe that we did not, that that wasn't proven. Is that what he pled to? And again, Your Honor. Let me go back to the actual words. I find, used by Judge McLaughlin, I find for the reasons previously stated that the simple assault conviction, in other words, this person's conviction of 1997 was a crime of violence under the guidelines. And so is that a finding of fact that essentially says that what we have here is an A3 conviction? If it is a finding of fact, Your Honor, I would argue it's an error because I don't believe there was sufficient evidence produced by the government to allow him to reach that. Again, not disputing what the information said. And even in the pre-sentence report, it said the person was convicted only of simple assault. It never specified the type of simple assault. Now, you mentioned that there may be additional documents that were given to the court in 1997? Not 97, Judge. I believe I saw something this morning. At the time of this sentencing here. The only thing I saw, Judge, that indicated that was a plea agreement to which the defendant agreed to plead to simple assault, period. No subsection. And what were the additional documents beside that that may have been introduced before Judge McLaughlin? I'm unaware of them, Judge. When I was at the sentencing hearing, it was the first time I saw any of these documents. I had objected beforehand, and I saw these documents for the first time. But I remember Judge McLaughlin specifically. Well, you apparently hadn't even seen the information prior to the sentencing because you asked for it at that time and looked at it. But are you indicating now that there was a document that we don't have in front of us that indicated that Mr. Jones would plead guilty to simple assault, generally? I saw that, Judge, yes. I saw that this morning. I was at the sentencing. But it's not in this record? I didn't know. I didn't see it until today. Neither side has presented it to us. Was it in the record before the district court? If it was, Judge, I never saw it. It's not referenced in the sentencing? No. I mean, to me, if it were, that makes your job an awful lot harder because just as you and I have discussed experience in the court of common, the busy court of common pleas, I, in my own experience, would find it pretty unlikely that a prosecutor would agree to allow a NOLO plea, which, as we all know, carries with it a suggestion of less culpability because of the lack of admission. At the same time, he's allowing a plea to something other than the crime of violence. It would suggest a leniency from the prosecutor that would be uncalled for. I agree. I see my time's up, Judge. You can finish the answer to that.  What was the question, sir? That in your experience, have you found prosecutors to be less willing to offer a deal of some leniency if all the defendant is going to do is plead NOLO? I think it depends on the circumstance, Judge. I'm not avoiding the question. I have just seen so many, and as the court knows from its state, there are so many willing and dealing at the moment. The defendant may not want to plead to a certain type of crime. He may say, I want to plead to a negligent. Most times, prosecutors will do it to get the case off their shoulders. Is there any evidence in this case that the defendant did not plead to the 2701A3 offense? Is there any evidence he did not? I couldn't say that, Judge, but there was no evidence that he did. That was our argument. This is a preponderance of the evidence burden, and even though it's only preponderance, that burden never shifts, right? The burden of production shifts, but the burden of proof doesn't. That would be our argument, Judge. We'll get you back on rebuttal. Thank you very much. Thank you. We'll hear Ms. Haywood. Good morning. Rebecca Haywood here on behalf of the United States of America. Why didn't the probation officer go get a docket entry? Why didn't the government ask him to go get a docket entry, which then would have been game, set, and match for the government in terms of proof that what Mr. Jones pled to was the A3 offense that was charged? Your Honor, he did, and the government did actually submit these documents at the sentencing hearing. I apologize for the lack of clarity in our brief, but these documents were submitted to the district court at the sentencing hearing, and I noted page A4 of this appendix. At the sentencing hearing, the government stated that we have the information as well as the rest, quote, the rest of the court documents. And the docket sheet in the district court at docket number 33 is. . . Well, I read that. In fact, I have it in parentheses here, and I have the rest of the court documents. That tells me nothing. He may have had them in his hip pocket, and they never made their way into the record. Well, they were actually filed, Your Honor, at docket number 33 at the district docket. But we wouldn't know that, would we? We wouldn't know it either from this transcript or from any appendix that was filed. That's correct, Your Honor. But they were attached and filed at docket number 33. It includes the docket sheet. It includes the judgment of sentence in the district court for the simple assault, which says he pled no contest as charged. And as we're well aware, the information as charged is under 2701A3. And there's also at page, I believe it's page 24 of this appendix, the information itself has a handwritten notation, NC, presumably standing for no contest charged. May I just say, and I don't expect the other two members of the panel to join me, but I have spent a considerable amount of time, as at my behest of some of my lock clerks, trying to bring some degree of order to a case that seemed to me to completely miss the point, that is to get into all these arguments about whether or not A3 was a crime of violence, whether or not A1 or A2 were, when what really seemed to be at issue, based on the record before me, was the simple factual question, and it was spelled out as a factual question by Mr. Mead, of whether or not his client pleaded to that with which he was charged and that with which he was charged. Both sides agreed it was a crime of violence as a matter of law. And yet we didn't get the benefit in an appendix or any other way of documents of which the government has knowledge and the defense now has knowledge. My mind boggles. Your Honor, again, these documents were submitted at the sentencing hearing to the district court and are a matter of record. I certainly will do a 28-J supplement on them. We don't automatically get the district court record. We rely upon appendices. We rely upon counsel to give us the record. Understood, Your Honor. And so you'll be submitting what to us? I'll be submitting document number 33 from the district court docket that includes the documents that were given that the government references as the rest of the court documents that were submitted to defense counsel and to the district court at the sentencing hearing in this case, which indicate, as I stated, at page 7 of those documents, it's actually the judgment of the simple assault conviction by where he got 9 to 24 months. And it indicates he pled no contest as charged. Obviously, the reason that this is critically important is because you had a sentencing range here for what the person was pleading no of, or I'm sorry, was pleading in the federal court 33 or 41 months. Thirty-three to 41 months, Your Honor. And he ended up getting 168 months total. That's 10 years and 7 months additional because of a crime that was committed 15 years before and he was sentenced 14 years before. Understood. But he did plead no contest to a charge which there is no dispute that physical menacing, putting someone in imminent serious fear of bodily injury, is a crime of violence. There is no dispute. That's why we were disputing something else to which no one brought this court's attention as to matters of proof that would have easily resolved the issue for us. Yes. And if I could turn to the question in terms of the Nolo plea, it's clear that under the sentencing guidelines, 4A1.2C, specifically provides that a conviction by way of Nolo, that was another argument made in this brief, which was that the fact that Mr. Jones had pled no contest could perhaps not be considered when you are determining whether or not offense is a crime of violence. But as the district court noted, the guidelines specifically contemplate that Nolo pleas can count towards the or are able to be used when you're considering whether someone is a career offender under the guidelines. You would agree, would you not, Ms. Haywood, that the government always has the burden of proving the basis for an enhancement? Correct. By preponderance. And that by preponderance. And I assume that you would agree that the quality of the government's case attempting to prove that enhancement could be subject to serious challenge if the only evidence that was mustered by the government to support the enhancement was a charging document. Certainly. But the cases that Mr. Meade had relied upon in his brief all dealt with cases where there was an information, but there was also another, the defendant had come forward with some argument that the defendant had not actually pled to what was set forth in that information. But if the burden of proof never shifts. As a matter of law. As a matter of law, you rise or fall on the quality of your evidence, even with a preponderance of the evidence standard, even though the burden of production shifts, the defense still doesn't have to show anything if the quality of your evidence doesn't give rise to reasonable inferences as to what you need to prove. I would agree. And I would say in this case that the reasonable inference that can be drawn from this case from the information was that handwritten notation. As you are aware in state court, often things are done in terms of being, I've seen lots of state court documents with handwritten notation. But then it's no longer a charging, just a charging. Correct. That's the point. That's correct. All this court knew about, all this panel knew about was a charging document. Well, but at 824, the information includes that handwritten notation, which would have meant that, which was an inference that there was something additional. Where? 824. What I have in the appendix, the blue brief, 824 is nothing more than the charging document, one side of it. But on the left-hand side, there's a handwritten notation that says NC, NC. So it's an implication that there was a plea, no contest to that charge. You're asking for an inference that the NC note, all right. It indicates a no contest plea to that charge. It's pretty thin, isn't it? It would have been the argument to have made. There's no signature, for example, of the defendant pleading as there was in the Scott case. Correct. In Allegheny County. In the Blair case, I'm sorry. Right. Typically there would be stamps in different counties, but it's our understanding that this is how this is done in Erie County. If you're writing this opinion, when does the government's evidence to prove a predicate offense become insufficient? Well, certainly if there's a general matter. The cases do indicate if there's simply a charge and no indication of what a defendant has actually pled guilty to, then I would think that a court could not use a charge alone as an indication that there has been a predicate. Especially, I understood when you're talking about a career offender range and you're talking about such a significant enhancement to a defendant's sentence, certainly there should be more than a charging instrument provided. But again, I think the lack of clarity here is that when you look at the docket sheet in this case and you look at docket number 33 on the district court docket, it says minute entry of the sentencing hearing and exhibit one information, which would lead one to believe perhaps that the only document that was submitted was the information. I mean, I took this case... Speaking only for myself, that's what I was led to believe when I walked into this courtroom. Right. I understood. But when you actually, when you see that in the district court, the government stated we have the rest of the court documents and they submitted what was a composite of the available docket entries from the Erie County Court of Common Pleas. That's what was submitted to the district court. The impression that, you know, the blink impression I should say that one gets when you read this is that Judge McLaughlin saw someone who had a long list of offenses... Certainly. ...going back 20-some years and had said, you know, you are always before the system and had sentenced him in the mid-range of what the enhanced guidelines range would be. And that was it. And maybe didn't give enough time to whether in fact the 1997 plea was for sure under A3. I mean, we're just an appellate court. We're trying to put it together and the record was clearly incomplete. And it invites us to state what should the standard be going forward in addition to this case with regard to what the government must prove to show a predicate offense. And again, the government has a preponderance standard to prove that there was a conviction to a particular offense. And certainly a judgment would be enough, and that's one thing that we have submitted in this case. Because you need, obviously the district court does need to understand that it's the conviction that is the predicate sufficient to establish the basis for the career offender guideline. And just for the record, what will you be submitting under Rule 28J? It would be the entire composite that was submitted to the district court and filed at docket number 33. And the entire composite will include generally what? It will include the docket sheet from Erie County. It will include the judgment of sentencing that demonstrates that Mr. Jones pled no contest to the charge in the information at both count one, which was the 2701A3, as well as the carrying a firearm without a license. Erie County. Any further questions? No, I don't have a question. I think it is natural, however, to have looked at what is in front of us, including the review of the PSR, which doesn't, although setting forth a sentence, doesn't say anything about the judgment. It tells us there was a plea of no contender, but there's nothing specifically as to what was pled to. Right. And I believe the government got these documents, the trial attorney himself. I'm not sure whether probation had them or not. Thank you. Thank you very much. Thank you. Mr. Mead. Yes, sir. In rebuttal, I would just point out that I have seen these documents. I actually saw them today, and in my review of them, I do note that wherever there is an indication that there was a conviction, it says simply simple assault. It doesn't say 2701A3. It says that there is a plea to simple assault. And the one thing I believe that the government. What about juxtaposing that against the information that is in A24, which bears the NC notation next to it? Well, I would object that that's irrelevant. I mean, I don't know who wrote that NC. I don't even know what it means. Does it mean no contest? I don't know. Isn't it a reasonable inference that it means no contender or no contest? It could be a reasonable inference, Judge. I can't deny that. But my argument is I don't know who wrote that. It can't be not charged. Not charged. It could be somebody's initial who was the district attorney that day. I don't know what handwritten notes next to it, what next to it means. And I would just emphasize what Shepard's asks us to look at. And Shepard does not mention docket sheets. That's something that we should consider. And if I can lead into one other issue regarding the no contest, I know that counts as a conviction. Where I think it's significant is that one of the Shepard information that we're supposed to look at is an explicit finding by the judge to which the defendant assented. We don't have that here. But that's all for purposes of whether the categorical approach or the modified categorical approach should be applied in eventually reaching a legal determination. It has nothing to do with the quantum of evidence, the character of evidence, or the weight of evidence that comes before us. In a narrow factual inquiry, which you yourself have conceded, is what we have here. Did your client plead or not plead? And modified categorical approach, categorical approach, has nothing to do with that. What I want to point out is when the court reviews these other documents, if they are submitted, that I would point out that the one thing that Shepard does mention is the factual finding. That is not present here, explicit factual finding. So it just shows that they did not reach that burden of proof. Furthermore, again, a careful review of these documents do indicate pleas to no contest. Even one that says plea to no contest as charged, I don't know what the charge was 10 months later. There's no indication what that charge was, what the person pled to 10 months after the original charge. And we would just argue that those documents are not the type of documents that should be relied on. Plus, there are cases, I believe, U.S. v. Hernandez in this circuit, which the Third Circuit was very reluctant to rely or didn't rely on docket entries. Thank you. Thank you very much. And thanks to both counsel for very well presented arguments. We'll take the matter under advisement. I would ask if a transcript could be prepared of this oral argument with the fee to be picked up by the government. But that would be much appreciated. And I understand we'll be getting a 28-J letter as well. Thank you very much.